# In the United States Court of Federal Claims

No. 21-778
Filed: June 1, 2023
FOR PUBLICATION

**SEKRI, INC.,**

    *Plaintiff*,

v.

**UNITED STATES,**

    *Defendant*.

*Alan M. Grayson*, Windermere, FL, for the plaintiff.

*Rafique O. Anderson*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for the defendant, with *Nicole M. Wilmoth* and *Gregory M. Mathews*, Defense Logistics Agency, of counsel.

## MEMORANDUM OPINION AND ORDER

***HERTLING*, Judge**

  The plaintiff, SEKRI, Inc., was awarded injunctive relief in its bid protest under 28 U.S.C. § 1491(b) against the United States, acting through the Defense Logistics Agency ("DLA") and the U.S. AbilityOne Commission ("AbilityOne"). The plaintiff has moved for an award of attorney's fees and expenses pursuant to both 28 U.S.C. § 2412(b) and 28 U.S.C. § 2412(d) and has filed three post-judgment motions for sanctions pursuant to Rule 11 of the Rules of the Court of Federal Claims ("RCFC").

  The plaintiff's requests for sanctions, attorney's fees, and expenses must be denied. Under § 2412(b), the plaintiff has failed to demonstrate that the defendant acted in bad faith and that the defendant's misconduct caused the plaintiff to incur fees and expenses unnecessarily. Because the plaintiff does not qualify as a "party" eligible to receive attorney's fees and expenses pursuant to § 2412(d), the request under that statute must also be denied. Finally, the plaintiff's three motions for sanctions pursuant to RCFC 11 are untimely and unsubstantiated. Accordingly, the plaintiff's motions for sanctions, attorney's fees, and expenses are all denied.

**I. BACKGROUND**

  The opinion on the merits of this case, *SEKRI, Inc. v. United States*, 165 Fed. Cl. 21 (2023) ("*SEKRI V*"), sets forth the facts of the case and its procedural history, which are only briefly recounted here. *See also SEKRI, Inc. v. United States*, 152 Fed. Cl. 742 ("*SEKRI I*");

*SEKRI, Inc. v. United States*, 34 F.4th 1063 (Fed. Cir. 2022) ("*SEKRI II*"); *SEKRI, Inc. v. United States*, 163 Fed. Cl. 562 (2022) ("*SEKRI III*"); *SEKRI, Inc. v. United States*, No. 21-778, 2023 WL 1428644 (Fed. Cl. Jan. 31, 2023) ("*SEKRI IV*").

The plaintiff, a nonprofit agency employing the severely disabled, is a mandatory source of supply for Advanced Tactical Assault Panels ("ATAP") pursuant to the Javits-Wagner-O'Day Act ("JWOD Act"), 41 U.S.C. § 8501 *et seq.*, and related regulations promulgated by AbilityOne.  *See SEKRI II*, 34 F.4th at 1069.  In 2019, AbilityOne added ATAP to the procurement list, which is a list of products and services required to be purchased by government entities from qualified nonprofit agencies employing the blind or severely disabled.  *See SEKRI V*, 165 Fed. Cl. at 30.

In 2020, the DLA issued a solicitation to procure ATAP from a commercial supplier.  The plaintiff filed suit in January 2021, but the case was dismissed for lack of standing and waiver.  *SEKRI I*, 152 Fed. Cl. at 758.  The Federal Circuit reversed the dismissal and held that the plaintiff had standing to sue and had not waived its claims.  *SEKRI II*, 34 F.4th at 1074.  The Federal Circuit also held that SEKRI was the mandatory source of supply for the ATAP and that the DLA had "knowingly violated its statutory and regulatory obligation under the JWOD Act and its implementing regulations to procure ATAP from SEKRI using the AbilityOne Program."  *Id.* at 1071.

Following remand of the case, the DLA initially amended the solicitation to procure Tactical Assault Panels ("TAP"), ATAP's predecessor, instead of ATAP.  The DLA then canceled the ATAP/TAP procurement and made no immediate decision about whether to procure ATAP at all.  *See SEKRI V*, 165 Fed. Cl. at 28.

The plaintiff filed a motion to enforce the decision of the Federal Circuit, and the defendant filed a motion to dismiss.  The defendant's motion to dismiss was granted because, without a solicitation pending or planned procurement for ATAP, no relief was available on the plaintiff's claims.  The plaintiff's motion to enforce the decision of the Federal Circuit was denied, but the plaintiff was allowed to file an amended complaint alleging new claims it had raised during briefing and oral argument.  *SEKRI III*, 163 Fed. Cl. at 591.

Two days before the plaintiff's amended complaint was due, the defendant filed a notice that the DLA would issue a solicitation to SEKRI for 50 percent of its ATAP requirement and a solicitation to Federal Prison Industries ("FPI") for the other 50 percent of its ATAP requirement.  *See SEKRI IV*, 2023 WL 1428644, at *1-2.

In its amended complaint, the plaintiff alleged that it was entitled to supply 100 percent of the DLA's ATAP requirement, that the DLA's failure to accept SEKRI's proposed price was contrary to law, and that the DLA had acted in bad faith.  The plaintiff filed a motion for a preliminary injunction to prohibit the DLA from awarding a contract to FPI while the case was pending.  *See id.*  The plaintiff's motion for a preliminary injunction was denied, but the plaintiff's claims challenging the legality of an award to FPI were deemed "colorable."  *See id.* at *2-3.

The day after the issuance of the preliminary-injunction decision, FPI withdrew its proposal to supply ATAP to the DLA. The defendant indicated that AbilityOne had corrected the procurement list to reflect that SEKRI was the mandatory source of supply for only 50 percent of the DLA's ATAP requirement. The defendant represented that the DLA would withdraw and reissue a solicitation to SEKRI for 50 percent of its ATAP requirement and that the DLA would solicit the remaining 50 percent of its ATAP requirement from commercial sources in a competitive procurement. *See SEKRI V*, 165 Fed. Cl. at 30.

The parties filed cross-motions for judgment on the administrative record regarding whether the DLA had to accept SEKRI's proposed price for the ATAP and whether the scope limitation of 50 percent of the DLA's ATAP requirement in the solicitation issued to SEKRI was lawful. *See id.* The plaintiff chose not to address its bad-faith claim in its motion for judgment on the administrative record and requested that the claim be dismissed without prejudice. *See id.* at 42. That claim was therefore dismissed.

The plaintiff's pricing claim was held to be unripe because the JWOD Act and AbilityOne regulations contemplate the periodic revision of prices on the procurement list, and the parties had not engaged in mandatory AbilityOne price-negotiation procedures. Additionally, the plaintiff had failed to state a claim upon which relief could be granted because the facts did not plausibly suggest that the DLA had violated the law by seeking to negotiate a different price for ATAP. *Id.* at 34-36.

The plaintiff's allocation claim, however, was found to be justiciable on the merits. *Id.* at 36-37. Although the record was unclear as to whether AbilityOne had added ATAP to the procurement list in full or in part, AbilityOne regulations required AbilityOne to add ATAP to the procurement list in full. A failure to do so would have been contrary to law. *Id.* at 38-39. Additionally, the purported correction to the procurement list contravened AbilityOne's regulations implementing the JWOD Act and the decision in *Goodwill Industries of South Florida, Inc. v. United States*, 162 Fed. Cl. 160, 200-03 (2022). *SEKRI V*, 165 Fed. Cl. at 39-41. The solicitation issued to SEKRI for only 50 percent of the DLA's requirement was thus unlawful. *Id.* at 41-42. Because the plaintiff had demonstrated prejudice from the defendant's unlawful actions, injunctive relief was appropriate. *Id.* at 42-44.

Although the plaintiff's pricing and bad-faith claims were dismissed, AbilityOne was directed to update SEKRI's status to be the mandatory source for 100 percent of the ATAP requirement on the procurement list, and the unlawful solicitation issued by the DLA to SEKRI was enjoined. *Id.* at 44. Judgment was entered for the plaintiff on March 13, 2023. (ECF 117.)

On April 11, 2023, the plaintiff filed three motions for sanctions pursuant to RCFC 11. (ECF 118; ECF 119; ECF 120.) On April 12, 2023, the plaintiff filed a motion for attorney's fees under 28 U.S.C. §§ 2412(b) and 2412(d). (ECF 121.) Pursuant to a Scheduling Order, the defendant filed a consolidated response to all four motions on May 12, 2023. (ECF 135.) The plaintiff filed its reply brief on May 29, 2023. (ECF 138.) The plaintiff also filed a motion to curtail further briefing in response to the defendant's argument regarding the timeliness of the plaintiff's motions. (ECF 137.) Oral argument is not necessary to resolve the motions.

## II.     DISCUSSION

The plaintiff requests attorney's fees and expenses pursuant to 28 U.S.C. §§ 2412(b) and 2412(d) and sanctions pursuant to RCFC 11.

### A.     28 U.S.C. § 2412(b)

Under 28 U.S.C. § 2412(b), "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States . . . ."  "The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award."  28 U.S.C. § 2412(b).  Pursuant to § 2412(b), attorney's fees may be assessed according to the common-law "bad faith," "common fund," and "common benefit" exceptions to the default American rule against fee-shifting.  *See Gavette v. Off. Pers. Mgmt.*, 808 F.2d 1456, 1460 (Fed. Cir. 1986); *Athey v. United States*, No. 2020-2291, 2021 WL 4282593, at *2 (Fed. Cir. Sept. 21, 2021).

The plaintiff argues that the defendant has litigated in bad faith and committed "vexatious, wanton or oppressive acts" justifying the award of attorney's fees and expenses under § 2412(b).  (ECF 121 at 15.)  The plaintiff perceives that many of the defendant's actions during the litigation were taken in and constitute bad faith, including: AbilityOne's correction to limit the scope of the ATAP requirement on the procurement list, the defendant's supposed mischaracterization of the Federal Circuit's decision in *SEKRI II*, the DLA's refusal to agree on a quantity and price for ATAP in negotiations with SEKRI, the defendant's justiciability arguments, the DLA's engagement with FPI for an ATAP procurement that was ultimately canceled, and the now-rescinded solicitation to replace ATAP with TAP.  The plaintiff seeks attorney's fees and expenses for the entirety of the litigation.

"'Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; it contemplates a state of mind affirmatively operating with furtive design or ill will.'"  *Level 3 Commc'ns, LLC v. United States*, 724 F. App'x 931, 934-35 (Fed. Cir. 2018) (cleaned up) (quoting *United States v. Gilbert*, 198 F.3d 1293, 1299 (11th Cir. 1999)).  A specific factual finding of bad faith is required to assess attorney's fees under § 2412(b).  *See Monsanto Co. v. E.I. Du Pont de Nemours & Co.*, 748 F.3d 1189, 1200 (Fed. Cir. 2014).  Assessment of attorney's fees is inappropriate when a party merely bases its arguments on an "'erroneous view of the law or on a clearly erroneous assessment of the evidence.'"  *Level 3 Commc'ns*, 724 F. App'x at 934 (quoting *Precision Specialty Metals, Inc. v. United States*, 315 F.3d 1346, 1354 (Fed. Cir. 2003)).  The applicant for attorney's fees bears the burden of establishing entitlement to an award.  *Rumsey v. Dep't of Just.*, 866 F.3d 1375, 1379 (Fed. Cir. 2017).

There is no evidence, and the plaintiff offers none, that the defendant has acted "because of dishonest purpose or moral obliquity," or that the defendant was operating with ill will towards the plaintiff.  *See Level 3 Commc'ns*, 724 F. App'x at 934-35.  The plaintiff's claim that the defendant had acted in bad faith was dismissed at the plaintiff's request on the parties' cross-motions for judgment on the administrative record.  *SEKRI V*, 165 Fed. Cl. at 42.  Although the

timing of some of the defendant's actions regarding the FPI procurement hints at possible gamesmanship, the evidence does not support a specific factual finding of bad faith. *See Monsanto*, 748 F.3d at 1200.

Throughout the litigation, the defendant has acted according to its understanding that SEKRI was not legally entitled to 100 percent of the DLA's ATAP requirement. The defendant first premised that position on the fact that SEKRI had not submitted a bid for the competitive DLA procurement. The defendant then relied on a supposed administrative error in the addition of ATAP to the procurement list and posited that AbilityOne had the legal authority to limit the scope of the ATAP's addition to the procurement list under the circumstances described in the administrative record. The defendant's arguments were based on erroneous views of the law, as the Federal Circuit held in *SEKRI II* and as was explained in *SEKRI V*. The actions listed by the plaintiff as supposed evidence of bad faith merely constitute mistakes premised on the defendant's misunderstanding of the law. Those mistakes do not rise to the level of bad-faith conduct required to levy fees against the defendant. *See Level 3 Commc'ns*, 724 F. App'x at 934.

In addition, an order assessing fees for bad-faith conduct "is limited to the fees the innocent party incurred solely because of the misconduct." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 103-04 (2017). A "causal link" "between the litigant's misbehavior and legal fees paid by the opposing party" is required. *Id.* at 108. Fees for the entirety of the litigation are available only in "exceptional cases," such as when the entire course of a party's conduct was part of a "'sordid scheme'" to defeat a claim by "'fraudulent and brazenly unethical efforts.'" *Id.* at 110 (quoting *Chambers v. Nasco, Inc.*, 501 U.S. 32, 57, 58 (1991)).

The plaintiff has failed to demonstrate that the entirety of its fees was incurred as a result of the defendant's misconduct. Although the plaintiff ultimately prevailed in the litigation, that result was not predestined at the outset. The plaintiff's third complaint, on which it ultimately prevailed, alleged claims distinct from the claims in the plaintiff's first two complaints. (*See* ECF 77.) The plaintiff's first two complaints were dismissed, and the plaintiff's motion to enforce the decision of the Federal Circuit was denied. *See SEKRI III*, 163 Fed. Cl. at 591. The fees the plaintiff incurred in pursuit of those unviable legal arguments have no possible "causal link" to any potential misconduct by the defendant in this case. *See Goodyear*, 581 U.S. at 108. Even if the plaintiff had demonstrated that some of the defendant's actions were taken in bad faith, the cursory fee records provided by the plaintiff leave unclear how much of the plaintiff's fees would be attributable to that bad faith.

The plaintiff has failed to demonstrate that the defendant acted in bad faith and that a causal connection between the defendant's supposed misconduct and the plaintiff's requested fees and expenses exists. The plaintiff's motion for attorney's fees and expenses pursuant to 28 U.S.C. § 2412(b) is therefore denied.

### B.     28 U.S.C. § 2412(d)

Under the Equal Access to Justice Act ("EAJA"), a court shall award reasonable fees and expenses incurred in a civil action brought against the United States to a "prevailing party"

unless the position of the United States was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).[1]

For the purposes of § 2412(d), a "party" is defined in the statute to include:

> any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed; except that an organization described in section 501(c)(3) of the Internal Revenue Code of 1986 (26 U.S.C. 501(c)(3)) exempt from taxation under section 501(a) of such Code [("tax-exempt organization")] . . . may be a party regardless of the net worth of such organization . . . .

28 U.S.C. § 2412(d)(2)(B)(ii).

In its motion for attorney's fees, the plaintiff provided no evidence regarding either its net worth or the number of its employees. In its response brief, the defendant does not contest that the plaintiff is a tax-exempt organization, but the defendant argues that the plaintiff is ineligible for attorney's fees because it failed to submit evidence that it employed fewer than 500 employees when it filed its complaint. (ECF 135 at 10-11.) In its reply brief, the plaintiff argues that because it is a tax-exempt organization, it need not satisfy the employee-number limitation to qualify for an award of attorney's fees under the EAJA.[2] (ECF 138 at 8.)

---

[1] The defendant argues that the plaintiff's request for attorney's fees pursuant to 28 U.S.C. § 2412(d) fails because it is premature. (ECF 135 at 10.) The Federal Circuit has held that "the premature nature of [an EAJA] application is inconsequential. An EAJA application that is filed before a judgment becomes final is properly treated as timely." *Robinson v. Wilkie*, 842 F. App'x 572, 578 (Fed. Cir. 2021). Accordingly, the fact that the plaintiff's motion was premature is insufficient to defeat the motion. Additionally, the parties have consented to curtail further briefing on attorney's fees to moot the question of whether the plaintiff's motion was timely. (ECF 137.)

[2] The Internal Revenue Service has published past tax filings by Southeastern Kentucky Rehabilitation Industries, Inc. ("SEKRI") reflecting SEKRI's status as a nonprofit entity exempt from taxation pursuant to § 501(c)(3) of the Internal Revenue Code. *See* https://apps.irs.gov/app/eos/details/ (last visited May 22, 2023).

A court may take judicial notice of a fact when it is "'accurately and readily discernible from sources whose accuracy cannot reasonably be questioned.'" *Apple Inc. v. Qualcomm Inc.*, 992 F.3d 1378, 1384 (Fed. Cir. 2021) (cleaned up) (quoting Fed. R. Evid. 201(b)).

Whether tax-exempt organizations can receive attorney's fees under § 2412(d) when they employ more than 500 individuals presents a question of first impression in the Court of Federal Claims.

"In statutory interpretation disputes, a court's proper starting point lies in a careful examination of the ordinary meaning and structure of the law itself." *Food Mktg. Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2364 (2019). When "'Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 118 (2004) (quoting *Russello v. United States*, 464 U.S. 16, 23 (1983)). Relatedly, courts should avoid interpretations of a statute that render words or clauses "wholly superfluous." *Duncan v. Walker*, 533 U.S. 167, 174 (2001).

A "party" eligible to receive fees under § 2412(d) includes an entity with a net worth less than $7,000,000 and fewer than 500 employees, or a tax-exempt organization "regardless of the net worth of the organization." 28 U.S.C. § 2412(d)(2)(B)(ii). If Congress had intended tax-exempt organizations to be excused from meeting both the net-worth and employee-number requirements, it would have included both requirements in the carveout for tax-exempt organizations. *See KP Permanent Make-Up*, 543 U.S. at 118. Congress did not do so. Rather, it excluded tax-exempt organizations only from the limit on the net worth of applicants for fees; the statute contains no exclusion from the limit on the number of an applicant's employees.

The plaintiff's proposed reading of the statute renders the phrase "regardless of the net worth of the organization" wholly superfluous; if tax-exempt organizations were excused from meeting both requirements, Congress did not need to specify that tax-exempt organizations did not need to meet the net-worth requirement. 28 U.S.C. § 2412(d)(2)(B)(ii); *see Duncan*, 533 U.S. at 174.

Accordingly, the plain language of the statute unambiguously bars tax-exempt organizations employing more than 500 people from receiving attorney's fees and expenses under § 2412(d).

The clarity of the statutory language is no accident. The current definition of "party" was enacted in 1985. *See* Pub. L. No. 99-80, § 2(c)(1)(B), 99 Stat. 183, 183 (1985). In interpreting the prior definition of "party" shortly before the 1985 amendments to the EAJA were adopted, the U.S. Court of Appeals for the D.C. Circuit had held that, notwithstanding its status as a tax-exempt organization, a religious organization was ineligible for an award of attorney's fees because it employed more than 500 people. *Unification Church v. INS*, 762 F.2d 1077, 1083-91 (D.C. Cir. 1985). While Congress was considering amendments to the EAJA, a bill that would have held tax-exempt organizations to the same net-worth and employee-number requirements as for-profit corporations was introduced in the Senate. *See* S. 919, 98th Cong. (1983). In enacting the current version of § 2412(d) in 1985, the report of the House Judiciary Committee clarified, however, that under the enacted legislation, only the net-worth limitation did not apply to tax-exempt organizations. H.R. Rep. No. 99-120, pt. 1, at 14 (1985).

7

Congress therefore specifically considered the eligibility standards for tax-exempt organizations to recover attorney's fees under § 2412(d). Congress ultimately decided to enact the current law that expressly excuses tax-exempt organizations from meeting the net-worth requirement but not the limitation on the number of their employees. This decision was consistent with previous interpretations of the definition of "party." *See Unification Church*, 762 F.2d at 1083-91.

Since the enactment of the current version of § 2412(d)(2)(B)(ii) in 1985, no federal court has held that a tax-exempt organization with more than 500 employees is eligible for attorney's fees under the EAJA. To the contrary, federal courts have consistently declined to find that tax-exempt organizations employing more than 500 people are eligible for an award of attorney's fees and expenses under § 2412(d).

For example, the D.C. Circuit has explained that an "association, corporation, or other organization with 500 or more employees is ineligible for EAJA attorneys' fees, regardless of whether it is a tax exempt, non-profit entity or a cooperative association." *Am. Ass'n of Retired Pers. v. EEOC*, 873 F.2d 402, 404 (D.C. Cir. 1989); *see also Nat. Res. Def. Council, Inc. v. Winter*, No. CV 06-4131 FMC (JCx), 2007 WL 9754340, at *1 (C.D. Cal. Jan. 3, 2007) (noting that a tax-exempt organization "may not have had more than 500 employees at the time of filing"). The U.S. District Court for the Western District of Michigan found a tax-exempt hospital ineligible for fees under § 2412(d) when it employed approximately 2,000 individuals. *Mason Gen. Hosp. v. Sullivan*, No. 1:83-CV-313, 1991 WL 340329, at *6-7 (W.D. Mich. Aug. 2, 1991). In a case with 27 plaintiffs, the U.S. District Court for the Western District of Virginia found that 17 of the plaintiffs were eligible for attorney's fees as tax-exempt organizations employing fewer than 500 people. *Bedford Cnty. Mem'l Hosp. v. Bowen*, No. 83-0386-R, 1986 WL 68496, at *2 (W.D. Va. Oct. 1, 1986); *see also Alexandria Hosp. v. Bowen*, No. 83-0233-R, 1986 WL 68494, at *6 (E.D. Va. Aug. 7, 1986) (finding 14 of 24 plaintiffs eligible as "parties" when they were tax-exempt and employed fewer than 500 employees).

In support of its argument that SEKRI is a "party" eligible for an award of fees under § 2412(d) regardless of its number of employees, the plaintiff cites no authority other than a report from the Congressional Research Service ("CRS"). That CRS report asserts: "Nonprofits exempt from taxation under Section 501(c)(3) of the Internal Revenue Code are not subject to the size and net worth caps." Joanna R. Lampe, Cong. Rsch. Serv., IF11246, Attorney's Fees and the Equal Access to Justice Act: Legal Framework (2023). The report cites no legal authority for this proposition, does not engage in any statutory analysis in support of the assertion, and fails to acknowledge or distinguish any of the judicial authority to the contrary. The assertion in the CRS report cannot contravene the clear statutory language and the case law interpreting it that require tax-exempt organizations to meet the employee-number requirement of § 2412(d)(2)(B)(ii). The plaintiff's reliance on the unsupported assertions of the CRS report must be rejected.

In sum, under § 2412(d)(2)(B)(ii), a tax-exempt organization must employ fewer than 500 people at the time the case was initiated to be eligible for attorney's fees and expenses. The plaintiff bears the evidentiary burden of showing that it satisfies the eligibility criteria for an

award of fees under § 2412(d). *See Rumsey*, 866 F.3d at 1379. The plaintiff has submitted no evidence at all. It has failed to meet its burden.

The plaintiff probably did not attempt to satisfy its burden because it could not meet the statutory criteria. SEKRI filed its first complaint in this case on January 21, 2021. Publicly available tax filings indicate that in the 2020 calendar year or the fiscal year beginning on October 1, 2020, and ending on September 30, 2021, SEKRI had 1,198 employees.[3] Additionally, the plaintiff's website advertises that it currently employs more than 700 individuals.[4]

Accordingly, the plaintiff does not qualify as a "party" under 28 U.S.C. § 2412(d)(2)(B)(ii). The plaintiff's request for attorney's fees and expenses pursuant to § 2412(d) is therefore denied.

### C.     RCFC 11

RCFC 11(b) requires a party filing a document with the court to certify "to the best of the person's knowledge, information and belief" that the document "is not being presented for any improper purpose," that the "legal contentions are warranted by existing law," and that "the factual contentions have evidentiary support." Pursuant to RCFC 11(c)(2), a party may file a motion for sanctions when RCFC 11(b) has been violated.

The plaintiff has filed three motions for sanctions pursuant to RCFC 11. The first motion addresses a statement a DLA contracting officer made on February 8, 2023. The contracting officer stated that FPI had withdrawn its proposal to provide ATAP and that the DLA would issue one solicitation to SEKRI for 50 percent of its ATAP requirement and a competitive solicitation to commercial sources for the remaining 50 percent of its ATAP requirement. (ECF 118; *see* AR 530.)[5] The second motion addresses a notice filed by the defendant on February 12, 2023. That notice shared the same information as the contracting officer's statement regarding the DLA's plan to procure ATAP. (ECF 119; *see* ECF 89.) The third motion takes issue with the entirety of the defendant's final motion for judgment on the administrative record, filed on March 6, 2023. (ECF 120; *see* ECF 110.)

The plaintiff argues that the defendant's contentions in those documents were presented for an improper purpose, were unwarranted by existing law, and lacked evidentiary support. The

---

[3] ProPublica, *Southeastern Kentucky Rehabilitation Industries Inc.: Full text of "Full Filing" for fiscal year ending Sept. 2021*, https://projects.propublica.org/nonprofits/organizations/610725475/202220469349300507/full (last visited May 17, 2023).

[4] SEKRI, *About Us*, https://www.sekri.org/aboutus/ (last visited May 17, 2023).

[5] Citations to the administrative record (ECF 45, supplemented by ECF 57-1, ECF 87, and ECF 97) are cited as "AR" with the pagination reflected in that record as filed.

plaintiff argues that the Federal Circuit's ruling in this case and the decision in *Goodwill* already foreclosed the defendant's arguments. *See SEKRI II*, 34 F.4th at 1071; *Goodwill*, 162 Fed. Cl. at 200-03. The plaintiff characterizes the defendant's statements as a ploy to continue violating the JWOD Act.

Although RCFC 11 does not impose a deadline for the filing of motions for sanctions, the "time when sanctions are to be imposed rests in the discretion of the trial judge." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.[6] "Ordinarily [a motion for sanctions] should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment. "[A] party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)." *Id.*

The plaintiff's motions are untimely. The plaintiff filed its motions on April 11, 2023, approximately one month after the close of the case. The defendant's contentions regarding the legality of a solicitation for ATAP to commercial sources through a competitive procurement had already been considered and rejected. *See SEKRI V*, 165 Fed. Cl. at 38-42. Although the plaintiff asked the defendant to withdraw its prior statements and contentions, it is unclear what purpose such a withdrawal would serve when those statements and contentions had already been rejected in the decision, and the plaintiff has received all relief to which it is entitled.

Moreover, the plaintiff's arguments are unsubstantiated. As discussed above, there is no evidence that the defendant presented statements and contentions for an improper purpose or without factual support, and the plaintiff has not proffered any such evidence. The defendant pursued multiple strategies to attempt to procure ATAP from a source other than SEKRI, including from FPI and from commercial sources. The pursuit of multiple unsuccessful procurement strategies, however, does not alone justify sanctions. "Sanctionable conduct must be shown by clear and convincing evidence." *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1344 (Fed. Cir. 2013). The plaintiff has failed to satisfy its evidentiary burden.

Additionally, the plaintiff has not demonstrated that the defendant's arguments were so unwarranted by existing law as to justify finding a violation of RCFC 11. The defendant's arguments presented issues of first impression regarding whether AbilityOne had made an administrative error when placing ATAP on the procurement list and the lawfulness of the scope limitation under AbilityOne's regulations. Neither *SEKRI II* nor *Goodwill* fully foreclosed the defendant's argument. *See SEKRI III*, 163 Fed. Cl. at 589 ("The Federal Circuit's decision does not address the specific issues raised by the plaintiff on this motion."); *SEKRI V*, 165 Fed. Cl. at 38-39 (evaluating AbilityOne's addition of ATAP to the procurement list primarily based on AbilityOne regulations).

---

[6] RCFC 11 incorporates the Federal Rules of Civil Procedure advisory committee notes by reference. *See* RCFC 11 Rules Committee notes to the 2002 revision.

"[T]he imposition of sanctions . . . depends not on which party wins the lawsuit, but on how the parties conduct themselves during the litigation." *Chambers*, 501 U.S. at 53. It would be inappropriate to sanction the defendant for no reason other than because the defendant presented arguments that were ultimately rejected and in the absence of any evidence from the plaintiff that the defendant otherwise violated RCFC 11.

Accordingly, the plaintiff's motions for sanctions pursuant to RCFC 11 are both untimely and unsubstantiated. They are therefore denied.

## III. CONCLUSION

The plaintiff's requests for attorney's fees, expenses, and sanctions must be denied. Under 28 U.S.C. § 2412(b), the plaintiff has failed to demonstrate that the defendant acted in bad faith and that the plaintiff incurred fees and expenses as a result of that misconduct. The plaintiff also does not qualify as a "party" under 28 U.S.C. § 2412(d). The plaintiff's motions for sanctions pursuant to RCFC 11 are both procedurally and substantively defective.

Accordingly, the plaintiff's motions for sanctions pursuant to RCFC 11 (ECF 118; ECF 119; ECF 120) and the plaintiff's motion for attorney's fees under 28 U.S.C. §§ 2412(b) and 2412(d) (ECF 121) are **DENIED**.[7]

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[7] The plaintiff's motion (ECF 137) to curtail further briefing on its motions for fees and sanctions is **DENIED** as moot.