# In the United States Court of Federal Claims

No. 21-778
Filed: November 21, 2023
FOR PUBLICATION

| |
|---|
| **SEKRI, Inc,** |
|         *Plaintiff*, |
| v. |
| **UNITED STATES,** |
|         *Defendant*. |

*Alan Grayson*, Orlando, FL, for the plaintiff.

*Rafique O. Anderson*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Nicole M. Wilmoth*, Defense Logistics Agency, of counsel, for the defendant.

## MEMORANDUM OPINION AND ORDER

### *HERTLING*, Judge

The plaintiff, SEKRI, Inc. ("SEKRI"), seeks review under Rule 54(d)(1) of the Rules of the Court of Federal Claims ("RCFC") of the Clerk's decision awarding only $907.00 of SEKRI's requested $4,203.77 in costs. SEKRI argues that the Clerk incorrectly determined that the plaintiff has not met its burden of establishing its entitlement to costs incurred for transcripts and printing. The plaintiff challenges the Clerk's rejection of its transcript and printing costs, while the defendant supports the Clerk's determination. The Clerk's decision rejecting the plaintiff's request to recoup the costs of transcripts was correct and is upheld. The Clerk's decision on the plaintiff's printing costs is upheld in part and reversed in part. The plaintiff is entitled to an additional $195.30 in costs. SEKRI is awarded $1,102.30 in costs.

### I.   LEGAL STANDARDS

Under RCFC 54(d)(1), costs may be taxed in favor of a "prevailing party." Even in a case such as this one, which has already produced six written opinions, a dispute over an award of costs should not itself become a "second major litigation."[1] *Hensley v. Eckerhart,* 461 U.S.

---

[1] *See SEKRI, Inc. v. United States*, 152 Fed. Cl. 742 (2021); *SEKRI, Inc. v. United States*, 34 F.4th 1063 (Fed. Cir. 2022); *SEKRI, Inc. v. United States*, 163 Fed. Cl. 562 (2022); *SEKRI,*

424, 437 (1983) (dealing with attorney's fees); *see Anderson v. Griffin*, 397 F.3d 515, 522 (7th Cir. 2005) (rules governing costs are designed to minimize "satellite litigation").

A prevailing party awarded costs has the burden to establish that its "requested costs are 'allowable, reasonable, and necessary.'" *Colonial Chevrolet Co. v. United States*, 161 Fed. Cl. 132, 138 (2022) (quoting *Sonoma Apt. Assocs. v. United States*, 150 Fed. Cl. 226, 228 (2020)).

When a party prevails against the United States in litigation, 28 U.S.C. § 2412(a)(1) provides that "a judgment for costs . . . may be awarded." The amount awarded shall "be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation." 28 U.S.C. § 2412(a)(1). The scope of costs that may be awarded to a prevailing party are delineated by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437 (1987). Section 1920 allows a judge or clerk to tax as costs to a prevailing party:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 . . . ;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 . . . .

Section 1920 expressly requires a party to establish that costs for transcripts and copies were "necessarily obtained for use in the case." To do this, the party seeking reimbursement has the "obligation to provide sufficient information and supporting argument . . . to allow the court to ascertain whether the cost was necessary to the litigation and that the cost was reasonable." *Cook v. United States*, No. 98-525, 2005 WL 6142352, at *1 (Fed. Cl. Feb. 14, 2005); *see also Asphalt Supply & Serv., Inc. v. United States*, 75 Fed. Cl. 598, 602 (2007) ("[I]t is incumbent upon the prevailing party to provide sufficient documentation of the costs it requests," because "[w]ithout such documentation, the court may not be able to determine whether a requested cost is a necessary and reasonable litigation expense."), *appeal dismissed*, No. 07-5116 (Sept. 11, 2007).

While submitting an invoice is proof of a cost incurred, the submission of "[a]n invoice alone does not satisfy the requirement to provide sufficient documentation for the court to find that the transcript was necessarily obtained for use in the case and a reasonable expense under the circumstances." *Asphalt Supply & Serv.*, 75 Fed. Cl. at 603. A court must "determine that

---

*Inc. v. United States*, No. 21-778, 2023 WL 1428644 (Fed. Cl. Jan. 31, 2023); *SEKRI, Inc. v. United States*, 165 Fed. Cl. 21 (2023); *SEKRI, Inc. v. United States*, 166 Fed. Cl. 224 (2023).

transcripts were not obtained primarily for the convenience of the parties" because if they were, the plain language of the statute does not support an award of costs. *Kinzenbaw v. Case LLC*, No. 05-1483, 2006 WL 1096683, at *4 (Fed. Cir. Apr. 26, 2006).

Under Rule 39(e) of the Federal Rules of Appellate Procedure ("FRAP"), a prevailing party in an appeal may also recover specific appellate costs in the trial court.[2] These are:

> (1) the preparation and transmission of the record;
> (2) the reporter's transcript, if needed to determine the appeal;
> (3) premiums paid for a bond or other security to preserve rights pending appeal; and
> (4) the fee for filing the notice of appeal.

Other costs on appeal covered by FRAP 39 are taxable in the circuit courts.[3]

## II.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

After proceedings in both the Court of Federal Claims and the Court of Appeals for the Federal Circuit, the plaintiff's motion for judgment on the administrative record was granted in part on March 13, 2023. *SEKRI, Inc. v. United States*, 165 Fed. Cl. 21 (2023). The plaintiff was held to be the mandatory source of supply for 100 percent of the Defense Logistics Agency's ("DLA") needs for Advanced Tactical Assault Panels. The plaintiff's claim regarding the parties' pricing dispute was dismissed under RCFC 12(b)(1) and 12(b)(6). *Id*. Because SEKRI prevailed on one of its two claims, the judgment awarded the plaintiff its costs. (ECF 117.)

Following entry of the judgment, the plaintiff moved for an award of attorney's fees and expenses and moved to sanction the defendant under RCFC 11. Those motions were denied. *SEKRI, Inc. v. United States*, 166 Fed. Cl. 224 (2023).

---

[2] Rule 39(e) of the Federal Rules of Appellate Procedure refer to the "district court," but under the Federal Circuit's rules, references to a district court also cover the Court of Federal Claims when appropriate. *See* Fed. Cir. Rule 1(a)(1)(C).

[3] Costs recoverable at the Court of Appeals rather than the trial court are covered on the Federal Circuit's Form 24 for Bills of Costs. Among the itemized costs, taxable by the number of copies and pages, listed on Form 24 are the printing of briefs and reply briefs, appendices, and bindings and covers. *See* United States Court of Appeals for the Federal Circuit, Form 24: Bill of Costs, https://cafc.uscourts.gov/wp-content/uploads/RulesProceduresAndForms/Forms/form24.pdf. The instructions on Form 24 specifically discuss printing expenses, which are among the appellate expenses the plaintiff claims here. *See id.* at 2.

SEKRI filed its bill of costs on June 10, 2023 (ECF 140), seeking $4,203.77 in costs.[4] That sum includes: (1) the Court of Federal Claims filing fee of $402.00; (2) fees of the court reporter totaling $2,407.15 for "all of any part of the trial or hearing transcript necessarily obtained for use in this case"; and (3) costs pursuant to FRAP 39(e) totaling $1,394.62. (ECF 140 at 1). The plaintiff included in its supporting materials the invoices for some of the fees incurred in conjunction with its appeal before the Federal Circuit. (ECF 140-2; ECF 140-3.) The defendant opposed the bulk of the costs SEKRI requested but acknowledged that SEKRI was entitled to recover $1,004.71. (ECF 143.)

The Clerk of Court determined that SEKRI was entitled only to $907.00 in costs. (ECF 145.) She declined to tax any of the plaintiff's costs except for the $402.00 Court of Federal Claims filing fee and the $505.00 Federal Circuit filing fee. (*Id.* at 5.) In her decision, the Clerk explained that one of the transcripts the plaintiff requested, a $388.00 expense, was used for a "related proceeding in another federal court" and was therefore not a transcript "necessary for use in this case." (*Id.* at 3.) The Clerk then examined the other transcript expenses, totaling $2,019.15, claimed by the plaintiff.[5] While the plaintiff submitted invoices and proof of payment for each of these transcripts, none of the invoices included the date or subject of the hearing. In its counsel's affidavit supporting its application for costs, the plaintiff attested that "[f]or each item [obtained], the purpose was necessary in pursuit of this action." (ECF 140-1 at 4.) The affidavit and its accompanying documentation contained no other details as to the contents or purpose of the transcripts SEKRI obtained. In the "absence of any information about the dates and subjects of the underling hearings," the Clerk could not determine whether these transcripts were necessary for the plaintiff's use in this case. (ECF 145 at 3.) Because SEKRI had the burden to show it satisfied 28 U.S.C. § 1920, the Clerk denied recovery for these costs.

Next, the Clerk considered the plaintiff's appellate expenses claimed under FRAP 39(e) in connection with its appeal of the initial dismissal of its complaint. In addition to the $505.00 filing fee, the plaintiff had requested $402.00 for a copy of an appellate brief; $182.52 for six copies each of an appellate brief, a reply brief, and a "joint appendix"; and $305.10 for printing of a brief for which the plaintiff did not submit a receipt. (ECF 145 at 4.) The Clerk found that the plaintiff was entitled only to the $505.00 filing fee, and that the remaining costs, which are

---

[4] The defendant calculates that the expenses the plaintiff attached to its bill of costs total $5,769.82. The plaintiff has identified only $4,203.77 in costs on its Bill of Costs, using Form 4, and has supplied an itemized list of those costs. (ECF 140-3.) The amount sought on Form 4 governs SEKRI's application for costs.

[5] The plaintiff claimed the following transcript costs in addition to the $388.00 transcript discussed in the text: (1) $296.10 incurred on February 23, 2023; (2) $97.65 incurred on April 26, 2023; (3) $507.40 incurred on May 4, 2023; (4) $141.90 incurred on May 4, 2023; (5) $580.50 incurred on May 4, 2023; (6) $124.70 incurred on May 4, 2023; and (7) $270.90 incurred on May 4, 2023. (ECF 140-3.)

not enumerated in FRAP 39(e), were taxable "only at the appellate level" and not in the trial court. (*Id.*)

The plaintiff moved for a review of the Clerk's decision on costs on October 8, 2023. (ECF 146.) The defendant, revising its position slightly, responded with a brief arguing that the Clerk's decision awarding $907.00 should be upheld. (ECF 148.) The plaintiff replied in support of its motion for review. (ECF 149.) Oral argument is not needed to resolve the issue.

## III.     DISCUSSION

SEKRI challenges the Clerk's rejection of two discreet aspects of its application for costs. First, SEKRI challenges the denial of its costs for obtaining transcripts. Second, SEKRI challenges the rejection of costs related to its successful appeal of the initial dismissal of its complaint.

### A.     Transcripts

The Clerk determined that the plaintiff is not entitled to the $2,407.15 it expended to obtain eight transcripts. (ECF 145 at 2.) Eight transcript charges appear on the plaintiff's tabulation of its costs (ECF 140-3), but neither the invoices nor the Bill of Costs include any information about the transcripts whatsoever. (ECF 140-2 at 10-25.) The invoice with the most information is printed on the court reporter's letterhead and appears to be for a transcript from the hearing on March 4, 2021. (*Id.* at 11.) This invoice is for the $388.00 transcript the Clerk identified as having been ordered "for use in another case." (ECF 145 at 3.) The other seven invoices contain even less information. Each charge listed on the plaintiff's tabulation of its costs is accompanied by a screenshot of an electronic invoice from the court reporter providing only the date of the invoice and the total cost, and a screenshot of the plaintiff's electronic payment confirmation reflecting the date of payment. (*See e.g.*, ECF 140-2 at 14-15.) The information provided in the Bill of Costs likewise contains no information needed to determine whether the transcripts were necessary for use in this case. The plaintiff asserts that it quoted the transcripts in its briefs "from time to time" (ECF 144 at 9), but the Clerk found that this contention alone does not demonstrate that the transcripts were "necessarily obtained for use in the case," as required by 28 U.S.C. § 1920.

In challenging the Clerk's decision, the plaintiff contends that "[t]here is simply no reason to question that the transcripts were 'necessarily obtained for use in the case,' much less to make the contrary finding." (ECF 146 at 7.) The burden of showing the necessity is on the party seeking to recover its costs. The *ipse dixit* of the plaintiff's counsel that the transcripts were "necessary" is insufficient; more is needed, or else the burden of proof would be satisfied so easily it would be no burden at all. Instead, a party requesting costs has the affirmative burden to prove that the costs were allowable, reasonable, and necessary. *Sonoma Apt. Assocs.*, 150 Fed. Cl. at 228.

The plaintiff has had several opportunities to provide or elaborate on information that could have allowed the Clerk and would allow the Court to decide the plaintiff has met this burden. Initially, the plaintiff filed its Bill of Costs, to which it attached invoices from the court

reporter and proof of payment for each transcript cost claimed. (ECF 140-1.) As Senior Judge Horn has explained, an invoice alone does not establish that an expense was necessary to the case. *Asphalt Supply & Serv.*, 75 Fed. Cl. at 603. Only one of the invoices submitted by the plaintiff contains the hearing date of the transcript, and none provided details as to the subject of the hearing. The Clerk determined that, on this record, the evidence was insufficient to establish the necessity of the transcripts. (ECF 145 at 3.)

The Clerk's decision was well-founded. Transcripts are most often "necessarily obtained" to allow parties to review testimony. SEKRI brought a bid protest. Although bid protests are resolved on a "paper trial," the evidence required for the trial court to make findings of fact is typically confined to the administrative record compiled by the agency. No evidence outside the administrative record was provided in this case. Transcripts are not typically needed to respond to legal arguments, as such arguments are covered in parties' briefing, and arguments presented orally but not covered in briefs are generally considered to have been waived. *Insight Pub. Sector, Inc. v. United States,* 157 Fed. Cl. 416, 427 (2021) (A party waives an issue when it "omit[s] it from its briefing and rais[es] it for the first time at oral argument."); *Office Depot, Inc. v. United States*, 95 Fed. Cl. 517, 530–31 (2010) ("Because plaintiff's argument was not presented to the court until oral argument, the court considers this argument waived."). Because it would be unusual in the bid protest context for a transcript to be "necessary," an explanation for the plaintiff's need is particularly important. In the absence of any explanation, even a cursory one, justifying the plaintiff's need for obtaining the transcripts, the Clerk was justified in declining to compensate SEKRI for the transcripts.

As for the dates of the hearings for which the transcripts were ordered and the purpose for which the plaintiff ordered them, inferences could possibly have been drawn to justify the need for the transcripts, but the plaintiff's submissions are too imprecise to allow anyone to draw such inferences.[6] In any case, invoices alone are not adequate substitutions for some kind of explanation or proof offered by the party seeking reimbursement for its costs. No explanation or proof has been offered by SEKRI, so the inferences support neither the award nor the denial of costs.

Since the Clerk's decision, the plaintiff could have provided with its motion for review supplemental information that might have clarified the necessity of the transcripts it claimed on its Bill of Costs. Rather than provide this information, however, the plaintiff doubled down on its contention that there is "nothing in the record to the contrary." (ECF 149 at 2) (emphasis removed.) This line of argument may work under a standard requiring an opposing party to prove costs were unnecessary, but it is insufficient to satisfy the controlling standard, which imposes on a prevailing party the obligation to establish that its costs were necessary to the case. Aside from counsel's sworn assertion to that need, SEKRI has failed to provide any further evidence to support its claim. That evidence need not be detailed, but it must be enough to allow

---

[6] For example, all but one of the transcripts was ordered after judgment had been entered, supporting an inference that the plaintiff obtained them to support its unsuccessful post-trial motions for fees and sanctions.

for a reasoned consideration of whether the printing of the transcripts was necessary to the plaintiff's success in the case. By relying only on the *ipse dixit* attestation of its counsel, the plaintiff has not proved the costs it incurred for transcripts were necessary to the case, and the Clerk's determination rejecting reimbursement for the transcripts is upheld.

### B. Appellate Costs

The plaintiff seeks review of the Clerk's rejection of SEKRI's claim for costs under FRAP 39(e). Beyond the $505.00 Federal Circuit filing fee, which the Clerk granted, the plaintiff sought $889.62 in appellate printing costs,[7] which the Clerk rejected.

In its motion for review, SEKRI argues that its costs for printing in the Court of Appeals are allowed under FRAP 39(e)(1) as costs of the "preparation and transmission of the record." (ECF 146 at 8 (quoting FRAP 39(e)(1)).) No existing Federal Circuit or Court of Federal Claims caselaw analyzes what costs are necessary to the preparation and transmission of the record under FRAP 39(e)(1), but one district court has held that a party's expenses incurred "in the prosecution of [the party's] appeal" do not qualify. *Lacayo v. Wells Fargo Bank, N.A.*, No. 16-CV-23187, 2019 WL 8756127, at *1 (S.D. Fla. May 21, 2019), *report and recommendation adopted*, No. 16-23187-CIV, 2019 WL 8755772 (S.D. Fla. June 13, 2019).

To support its argument that appellate printing costs are covered under this category, the plaintiff attempts to apply caselaw holding that "'[FRAP] 39(e) should be read, at least, as broadly as § 1920(2).'" (ECF 146 at 8 (quoting *Choice Hotels Int'l, Inc. v. Kaushik*, 203 F. Supp. 2d 1281, 1287 (M.D. Ala. 2002)).) SEKRI's reliance on *Choice Hotels* is inapt. That case considered a provision of FRAP 39(e)(2) that has an equivalent provision in 28 U.S.C. § 1920(2): the taxation of court reporter expenses when necessary to the case. *See Choice Hotels*, 203 F. Supp. 2d at 1287. The case contains no discussion of appellate printing expenses of the kind the plaintiff claims here. Because 28 U.S.C. § 1920(2) does not address printing expenses, no reading of that part of the statute, broad or otherwise, addressed in *Choice Hotels* can provide useful guidance on the interpretation of FRAP 39(e)(1).

The costs the plaintiff incurred for the preparation and transmission of the record are the costs of printing of SEKRI's appellate briefs and the parties' joint appendix. (ECF 146 at 8.) Appellate briefs, however, are not part of the "preparation and transmission of the record" specified in FRAP 39(e)(1). Briefs are documents newly drafted for the appeal, and the statutory language referring to the record is too limited to shoehorn the printing of briefs into it. The natural reading of the language covers documents and evidence used in the trial court, not any documents, such as briefs, newly prepared for use in the appellate court.

A joint appendix for an appeal does involve the "preparation and transmission of the record" for an appeal. That appendix produces relevant documents from the record of the trial

---

[7] The plaintiff claims $402.00 for the parties' joint appendix and $487.62 for printing its briefs. (ECF 140-3.)

7

court necessary to permit an appellate court to perform its review function.  FRAP 30(a)(1)-(2).  To the extent the record permits the costs incurred by SEKRI for the preparation of the joint appendix to be segregated from its costs for printing its briefs, the former costs are properly taxed to the defendant under FRAP 39(e)(1).

In its summary of costs claimed, the plaintiff seeks $402.00 for the printing of the joint appendix.  (ECF 140-3 at 1.)  The invoices the plaintiff has submitted for printing in the Court of Appeals, however, only reflect a cost of $195.30 to print the joint appendix.[8]  (ECF 140-2 at 7, 9).  The documentation submitted with the plaintiff's Bill of Costs does not itemize any further charges related to the printing of the joint appendix.  Because the burden of proof is on the party seeking reimbursement for its costs, SEKRI had to identify with specificity those costs that may be taxed against the defendant.  Aside from the invoices identifiable on their face as pertaining to the printing of the joint appendix, the plaintiff has failed otherwise to show it is entitled to recover additional costs.

In addition to the $505.00 taxed by the Clerk for the filing fee, SEKRI is entitled to recover an additional $195.30 under FRAP 39(e), for a total $700.30 in appellate costs.

## IV.   CONCLUSION

The plaintiff's motion for review is **GRANTED in part** and **DENIED in part**.  In addition to the $907.00 awarded by the Clerk for its costs of the suit, the plaintiff has justified the award of an additional $195.30 for costs associated with the preparation of the joint appendix on appeal.  Accordingly, the Clerk shall award the plaintiff the sum of $1,102.30 for its costs.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**

---

[8] Two of the plaintiff's invoices contain an itemized listing of printing costs.  A September 30, 2021, invoice reflects $130.20 to print the appendix (ECF 140-2 at 7), and a September 27, 2021, invoice reflects two charges of $21.70 and $43.40 to print the appendix (ECF 140-2 at 9).  No other invoices submitted with the plaintiff's Bill of Costs contain itemized printing charges for the appendix, and the plaintiff does not otherwise explain or support its request for $402.00 for the printing of the appendix.  Additional appendix-printing charges cannot be determined based on the information provided in the Bill of Costs.